**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2936
_____

IN RE: PHARAOH OJORE NKOSI,
Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. No. 1-21-cv-02166)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 17, 2022
Before: HARDIMAN, RESTREPO, and BIBAS, <u>Circuit Judges</u>

(Opinion filed: December 12, 2022)

_____

OPINION[*]
_____

PER CURIAM

Pharaoh Ojore Nkosi, proceeding pro se, petitions for a writ of mandamus to

compel the District Judge presiding over his case in the United States District Court for

the Middle District of Pennsylvania to rule on his petition for a writ of habeas corpus

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

pursuant to 28 U.S.C. § 2241 and his related filings. By order entered on November 10, 2022, the District Court dismissed his petition, denied his motion for reconsideration of an earlier order to show cause, and closed the case. In light of the District Court's action, Nkosi's mandamus petition no longer presents a live controversy. Therefore, we will dismiss it as moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698–99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").